UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEORGE & COMPANY LLC,

                        Plaintiff,

- against -

SPIN MASTER US HOLDINGS, INC., SPIN MASTER,
INC., CARDINAL INDUSTRIES, INC., WALMART, INC.,
and JOEL BERGER,

                        Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-4391-DG-SJB
19-CV-4883-DG-SJB
21-CV-4254-DG-SJB

**BULSARA, United States Magistrate Judge:**

The parties' joint motion to seal is denied except as indicated herein.

"The public has a First Amendment right as well as a common law right to have access to judicial documents." *Doe v. Lerner*, 688 F. App'x 49, 50 (2d Cir. 2017). Here, the parties seek to seal many of the exhibits—mainly, draft agreements, email correspondence, and *ex parte* settlement letters—used in connection with their cross-motions to enforce the settlement. (*See generally* Joint Mot. to Seal, Dkt. No. 104). These exhibits have been filed entirely under seal, without any redacted version on the docket. Such complete sealing of entire documents is inconsistent with the presumption of public access to judicial documents—which the exhibits almost certainly are because they were filed in support of motions seeking judicial intervention and were used by the Court in its Order addressing such motions—and the narrow tailoring required by *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006).

The parties assert in their motion to seal that the exhibits are not judicial documents, and even if they were, their value to the public is low because they are

1

"ancillary to the merits of the dispute." (Joint Mot. to Seal at 3–4). These arguments border on the frivolous. To be sure, the mere filing of a document does not make it a judicial document; but where the moving party relies on a document in connection with a dispositive motion, and asks the Court to inspect and rely on it, it becomes a judicial document. *See Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) ("Although that is certainly an accurate statement of the law, it is not the mere filing of the Yankees Letter that makes it a judicial document in this case. Instead, the Yankees Letter was explicitly referred to, and quoted, in plaintiffs' proposed SAC (under seal) and was one of the key grounds asserted for the reconsideration motion seeking an opportunity to amend the dismissed pleading."). Indeed, "a strong presumption" of public access "attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* at 90. While settlement negotiations and informal communications between parties may be irrelevant in evaluating the merits of a case, that position ignores the present posture of these cases. At the parties' urging, the Court has interpreted the scope of a binding settlement agreement. In support of their respective arguments, the parties have submitted past settlement communications between them and other documents as extrinsic evidence bearing on that interpretation. Those documents have been quoted, cited, and relied upon by the parties in their briefing. This does not make the sealed documents ancillary, but central to the adjudication of the motion to enforce. *See Acun v. Merrill Lynch, Pierce, Fenner & Smith*, No. 18-CV-7217, 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020) ("Because the documents comprise a significant portion of the record before the Court and pertain to matters that directly affect the Court's adjudication, they carry a heavy presumption of public access. Here, the transcript from the settlement

conference and the parties' briefs pertain to matters directly affecting the Court's adjudication—indeed, the entirety of this motion concerns the interpretation of the representations made at that settlement conference[.]" (quotations and alterations omitted)) (denying in part a motion to seal relating to defendant's motion to enforce a settlement agreement), *report and recommendation adopted*, 2020 WL 995887, at *1 (Mar. 2, 2020), *aff'd*, 852 F. App'x 552, 556 (2d Cir. 2021). By adopting a generalized, blunderbuss approach to sealing, while at the same time relying on the documents in their public filings, the parties undermine any argument that the documents are entitled to be shielded from public view. Separately, neither party has identified substantial interests that would be furthered by extensive, wholesale sealing of these documents.

## CONCLUSION

Accordingly, the joint motion to seal is denied. The parties are directed to file narrowly tailored, redacted versions of the documents originally filed with the motion at issue on the public docket; the only portions of the documents that may be redacted are the monetary amounts in any proposal, agreement, or document, and numerical information regarding the sales of either company's products in such documents. These redacted documents should be filed by **December 6, 2023**.

SO ORDERED.

/s/ Sanket J. Bulsara  November 29, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

3