UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
George & Company LLC,

                Plaintiff,                        **MEMORANDUM & ORDER**
                                                                     19-CV-04391 (DG) (SJB)
     -against-

Spin Master US Holdings, Inc., Spin Master, Inc.,
Cardinal Industries, Inc., WalMart, Inc., and Joel
Berger,

                Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On November 29, 2023, Magistrate Judge Sanket J. Bulsara issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion to enforce settlement, ECF No. 105, be granted in part and denied in part and that Defendants' motion to enforce settlement, ECF No. 107, be granted in part and denied in part. *See generally* R&R, ECF No. 117.[1] Specifically, the R&R recommended that the Neutral's Proposal be interpreted to extend only to the United States and Canada; that the motions be denied insofar as they seek any other form of relief or interpretation of the Neutral's Proposal; and that the Clerk of Court enter judgment consistent with the R&R's interpretation of the Neutral's Proposal and close Case Nos. 19-CV-04391 (DG) (SJB), 19-CV-04883 (DG) (SJB), and 21-CV-04254 (DG) (SJB). *See* R&R at 27.[2]

---

[1] ECF No. 117 is the redacted version of the R&R. ECF No. 115 is the unredacted, sealed version of the R&R, which references settlement amount. The Court has considered both versions of the R&R and their respective attachments. The Court cites herein only to the publicly available R&R, ECF No. 117.

[2] Although the R&R was issued only on the docket for Case No. 19-CV-04391 (DG) (SJB), the R&R is with respect to all three of the above-referenced cases, *see generally* R&R, and familiarity with the detailed procedural history and background of all three cases is assumed herein.

On December 13, 2023, Plaintiff filed its objections to the R&R, styled as a response to the R&R. *See* Plaintiff's Response to R&R ("Pl.'s Obj. Br."), ECF No. 119. In its objections briefing, Plaintiff argues that the Court should find that the Neutral's Proposal "applies only to the territorial extent of the United States." *See* Pl.'s Obj. Br. at 11. Specifically, Plaintiff argues (1) that there is no latent ambiguity in the Neutral's Proposal and, therefore, extrinsic evidence should not be considered; and (2) that even if extrinsic evidence is considered, it supports the notion that the parties only contemplated that the Neutral's Proposal would apply to U.S. domestic activity. *See* Pl.'s Obj. Br. at 4-11.

Defendants did not file any objections to the R&R but did file a response to Plaintiff's objections in which Defendants argue, *inter alia*, that clear error review applies and that the Court should adopt the R&R without modification. *See generally* Defendants' Response to Plaintiff's Objections to R&R ("Defs.' Obj. Br."), ECF No. 121.[3]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178,

---

[3] In a footnote in their objections briefing, Defendants request that, should the Court find – contrary to the R&R – that the Neutral's Proposal is unambiguous, the Court should conclude that the Neutral's Proposal is worldwide in scope. *See* Defs.' Obj. Br. at 8 n.5.

2

2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

The Court has reviewed the R&R *de novo*. A review of the R&R, the record, and the applicable law reveals that Judge Bulsara properly concluded that the parties' respective motions should be granted in part and denied in part as specified in the R&R. The Court therefore adopts the R&R.

Plaintiff's motion to enforce settlement, ECF No. 105, and Defendants' motion to enforce settlement, ECF No. 107, are each GRANTED in part and DENIED in part as specified in the R&R. *See* R&R at 27.[4]

With respect to each of the cases at issue – Case Nos. 19-CV-04391 (DG) (SJB), 19-CV-04883 (DG) (SJB), and 21-CV-04254 (DG) (SJB) – the relevant parties are directed to, by February 20, 2024, jointly file on the relevant docket a proposed Judgment consistent with this Order.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: February 5, 2024
       Brooklyn, New York

---

[4] In light of the above, Defendant Target Corporation's motion to dismiss, ECF No. 25 in Case No. 21-CV-04254 (DG) (SJB), is DENIED as moot.

3